### BRENNAN v. JOLINE et al.

(Supreme Court, Appellate Term.  June 24, 1910.)

NEW TRIAL (§ 108*)—NEWLY DISCOVERED EVIDENCE—RELEVANCY—MATERIALITY.

In an action for personal injuries, where the facts of the accident were substantially undisputed, and the questions of the defendant's negligence and the plaintiff's contributory negligence were properly submitted to the jury, there was testimony for the defendant that the plaintiff, shortly after the accident, and while not fully conscious, had declared that the accident was his own fault. There was a verdict for defendants, and plaintiff was granted a new trial for newly discovered evidence of three new witnesses who would testify that they did not hear the plaintiff make such a declaration; but no one of them was continuously near the plaintiff. Held, that the evidence, if admissible, bore upon a collateral issue, and also that it could hardly be expected to change the result, and hence it was not sufficient to sustain an order for a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

Appeal from City Court of New York, Trial Term.

Action by Peter Brennan against Adrian H. Joline and Douglas Robinson, receivers of the Metropolitan Street Railway Company.

From an order of the City Court of the city of New York, granting a new trial on the ground of newly discovered evidence, defendants appeal. Order reversed, and judgment reinstated.

Argued before SEABURY, GUY, and BIJUR, JJ.

Masten & Nichols (Bayard H. Ames and Walter Henry Wood, of counsel), for appellants.

Winifred Sullivan, for respondent.

BIJUR, J. The case was originally tried by Mr. Justice Green. According to the evidence, one of defendants' cars, after having been switched back, as is usual, at Sixth avenue and Fourth street, was standing on the east side of the avenue, namely, the uptown track. As the conductor and motorman were in the act of lowering the westerly bar which extends along the left side of the car, plaintiff came hurriedly from the west side of Sixth avenue, attempted to enter the car, and was apparently struck on the head by the descending bar. He was taken to an adjacent drug store, and thence conveyed to St. Vincent's Hospital. Plaintiff had frequently boarded cars at this point, was familiar with the custom of switching them, and knew that they were generally boarded from the easterly side.

The charge of the trial judge was complete and clear; he submitting the question of defendants' negligence and plaintiff's contributory negligence squarely to the jury. Some of defendants' witnesses testified that the plaintiff himself (who said that while he was in the drug store he was suffering severely and was scarcely conscious of what he had said and done) remarked that the accident was his own fault. The newly discovered evidence, on which Mr. Justice McAvoy granted a new trial, is that of three witnesses who swear that they did not hear the plaintiff make these remarks; but, as no one of these witnesses was continuously near the plaintiff, this negative testimony is far from conclusive. Indeed, it is doubtful whether it would be strictly admissible under the circumstances. Moreover, it bears, as the case was tried, on a fairly collateral issue. The facts surrounding the accident were substantially undisputed, and the verdict of the jury, it may reasonably be assumed, based on these facts, could scarcely have been influenced to an appreciable degree by the testimony as to plaintiff's statement of a mere conclusion, namely, that it was his fault, at a time when it was proved without contradiction that he was not fully conscious.

As, therefore, the newly discovered evidence does not bear on the issues directly involved, and as it may hardly be expected to change the result—even if, as above intimated, it be admissible—the order granting a new trial should be reversed, with the costs of this appeal.

Order reversed, with costs, and judgment reinstated.. All concur.